(No. 4158—■■■■■■■■■■)

T. I. Moss, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 15, 1950.*

*Supplemental opinion filed October 10, 1952.*

NEIL H. THOMPSON, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL AND CHARLES H. EVANS, Assistant Attorneys General, for Respondent.

DELANEY, J.

Claimant, T. I. Moss, was employed on February 19, 1948 at the State Game Farm, Mt. Vernon, Illinois in the capacity of a night watchman. In the course of his employment, he slipped on some ice. As a result of the fall, claimant injured his right testicle. On February 23, 1948, Dr. C. O. Hamilton removed the injured testicle.

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act, and the accident in question arose out of and in the course of the employment.

On the date of the accident, T. I. Moss was not married, and did not have any one depending on him for support. The earnings of claimant in the year prior to his accident amounted to $2,100.00. His compensation rate would be the maximum of $15.00; since the injury occurred subsequent to July 1, 1947, this must be increased 30%, making a compensation rate of $19.50 per week.

The record consists of the complaint, stipulation continuing case, original transcript of evidence, and stipulation relative to days absent from employment.

For the loss of his right testicle, claimant should receive the sum of $19.50 per week for fifty weeks, amounting to $975.00 under Article 8 (c) - (16¾) of the Workmen's Compensation Act.

The records of the department, which were also stipulated to by the parties hereto, indicate claimant was injured on February 19, 1948, and returned to work on March 8, 1948, but became ill two days later and was absent from his job from March 11, 1948 to May 3, 1948, making a total of 10 1/7 weeks. Claimant was paid full salary while absent from his job, the rate of pay being $175.00 per month. Claimant was entitled to receive $197.79 for 10 1/7 weeks temporary total disability. He was paid $443.75. Claimant was paid $245.96 in excess of the compensation to which he was entitled, and this sum of $245.96 must be deducted from the award.

Dr. C. O. Hamilton of Mt. Vernon, Illinois rendered the claimant professional services in the amount of $83.00, which are unpaid, and the Good Samaritan Hospital of Mt. Vernon, Illinois has submitted an unpaid statement in the amount of $179.50.

An award is, therefore, made in favor of the claimant, T. I. Moss, in the sum of $1,237.50, less the sum of $245.96 paid to claimant for non-productive time, or a sum in the aggregate of $991.54, payable as follows, to-wit:

To Dr. C. O. Hamilton of Mt. Vernon, Illinois for professional services, $83.00, payable forthwith;

To Good Samaritan Hospital of Mt. Vernon, Illinois for hospital care, $179.50, payable forthwith;

To claimant, for loss of his right testicle, $729.04, payable forthwith.

The testimony at the hearing was taken and transcribed by Ruth B. Clark, who has submitted a statement for her services in the amount of $45.45. This statement appears reasonable for the services rendered. An award is, therefore, entered in favor of Ruth B. Clark, in the sum of $45.45, payable forthwith.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".

## SUPPLEMENTAL OPINION

DELANEY, J.

Claimant, T. I. Moss, was employed on February 19, 1948 at the State Game Farm, Mt. Vernon, Illinois in the capacity of a night watchman. In the course of his employment, he slipped on some ice. As a result of the fall, claimant injured his right testicle, coccyx and buttocks. Shortly afterwards, it was necessary that he have an operation for removal of the right testicle, and this was followed by a rectal abscess, which was operated upon. Since his injury, claimant has pain in the back, and in the legs. Claimant was examined by Drs. J. Albert Key, Fred C. Reynolds, Lee T. Ford, George Saslow and Harold K. Roberts of St. Louis before a rehearing was had, and their examinations of the back and lower extremity showed that the patient has a ruptured intervertebral disc, which apparently had its origin in the injury, which he describes, and is the primary cause of his disability. No treatment was offered the claimant, as the physicians did not believe a surgical removal of the ruptured disc would restore him to work because of his age, although it would be expected to relieve his pain and general condition.

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act, and the accident in question arose out of and in the course of the employment.

On the date of the accident, T. I. Moss was not married, and did not have any one depending on him

for support. The earnings of claimant in the year prior to his accident were $175.00 per month, or $2,100.00 a year. At the hearing, claimant testified that he can work about an hour at a time since his injury repairing electric motors, and that he earns about seven dollars a week.

Claimant is entitled to an award under Section 8, Paragraph (d) of the Workmen's Compensation Act of $5,200.00 for permanent, partial disability. The differential between claimant's earnings before and after the accident would exceed the maximum; therefore, his compensation rate is $19.50 commencing February 20, 1948, the day after the accident.

The record consists of the complaint, amended complaint, stipulation continuing case, original transcript of evidence, stipulation relative to days absent from employment, petition for rehearing, reports of Drs. George Saslow, Harold K. Roberts, and Fred C. Reynolds, transcript of evidence, abstract of evidence, statement, brief and argument of claimant, and stipulation between the parties hereto permitting claimant to cash warrant previously submitted herein in the amount of $729.04.

In an earlier opinion in this cause, we allowed a specific loss, and granted claimant temporary total disability. Respondent also overpaid claimant for non-productive time. The total amount of temporary total disability allowed, and the overpayment by respondent was in the sum of $443.75.

On rehearing, due to additional medical testimony, we are granting claimant an award for permanent partial disability. In *Charles Love* vs. *State of Illinois*, Case No. 4247, 20 C.C.R. 234, this Court held that the total of the payments for temporary total disability

and permanent partial disability, together, could not exceed the maximum amount provided for a death award.

From claimant's award of $5,200.00 must be deducted the sum of $443.75, making a net award to claimant of $4,756.25, payable as follows, to-wit:

$4,719.00, which has accrued from February 20, 1948, from which must be deducted the sum of $443.75, representing overpayment for nonproductive time, and the sum of $729.04, representing warrant No. 649890 previously cashed by stipulation between the parties hereto, making a sum of $3,546.21, which is payable forthwith;

$481.00, to be paid in weekly installments of $19.50, beginning on October 17, 1952, for a period of 24 weeks with a final payment of $13.00.

Dr. Harold K. Roberts of St. Louis, Missouri has rendered the claimant professional services in the amount of $30.00, which is unpaid; the Department of Neuropsychiatry of Washington University School of Medicine, (Dr. Saslow), St. Louis, Missouri rendered the claimant professional services in the amount of $25.00, which is unpaid; Drs. J. Albert Key, Fred C. Reynolds and Lee T. Ford, St. Louis, Missouri rendered the claimant professional services in the amount of $75.00, which is unpaid; and Barnes Hospital, St. Louis, Missouri has rendered its statement in the amount of $108.60, which remains unpaid.

An award is made in favor of Dr. Harold K. Roberts of St. Louis, Missouri for professional services in the amount of $30.00, payable forthwith;

An award is made in favor of the Department of Neuropsychiatry of Washington University School of Medicine, (Dr. Saslow), St. Louis, Missouri for professional services in the amount of $25.00, payable forthwith;

An award is made in favor of Drs. J. Albert Key, Fred C. Reynolds and Lee T. Ford, St. Louis, Missouri for professional services in the amount of $75.00, payable forthwith; and

An award is made in favor of Barnes Hospital, St. Louis, Missouri in the amount of $108.60, payable forthwith.

The testimony at the various hearings of this cause was taken and transcribed by Ruth B. Clark, who has

submitted statements for her services in the amounts
of $12.25 and $46.48, making a total of $58.73. These
statements appear reasonable for the services rendered.
An award is, therefore, entered in favor of Ruth B.
Clark, in the amount of $58.73, payable forthwith.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the
payment of compensation awards to State employees".